**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PHILLIP J. LYONS, | ) | |
| Petitioner, | ) | 2:10-cv-01342-RLH-LRL |
| vs. | ) | **ORDER** |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This is a closed habeas corpus action. By order filed October 28, 2010, this action was dismissed without prejudice. (ECF No. 3). Judgment was entered on October 29, 2010. (ECF No. 5). Petitioner filed a motion to vacate judgment, citing Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 6).

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the instant case, this Court properly entered judgment dismissing this action without prejudice. (ECF No. 6). In his motion to vacate judgment, petitioner has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment. Petitioner has not shown that manifest injustice resulted from dismissal of the action, as the dismissal was without prejudice. Plaintiff has failed to make an adequate showing under Rule 59(e) to justify granting his motion to vacate the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion to vacate judgment (ECF No. 6) is **DENIED.**

Dated this 10th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE